UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E. JAMES,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ERIC JACKSON,<br><br>　　　　　　　Respondent. | No. C16-6063 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: April 14, 2017** |

Petitioner Robert E. James filed a petition for writ of habeas corpus challenging his 2012 conviction for second-degree rape. Dkt. 5. Mr. James raises eight federal constitutional claims – six of which are the subject of a pending personal restraint petition in the Washington Court of Appeals. Mr. James asks the Court to consider the first two exhausted claims on the merits and to stay and abey the remaining unexhausted claims. Dkt. 5, p. 17. Respondent moves to dismiss the petition without prejudice to allow Mr. James to properly exhaust his claims in state court, but does not represent that any available or adequate state remedy exists or that petitioner's claims are not procedurally barred in the Washington state courts. Dkt. 8.

The undersigned recommends that the motion to dismiss be denied and the habeas petition stayed while Mr. James properly exhausts his claims in state court.

//

//

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. James's personal restraint petition is pending in the Washington State Court of Appeals. Dkt. 8, Exhibit 1, ACORDS printout Cause No. 49767-1-II. In it, he raises Grounds Three through Eight of his federal habeas petition.

The Washington Supreme Court denied Mr. James's direct appeal (as to Grounds One and Two) on September 30, 2015. Dkt. 5, p. 8. Mr. James filed his state court personal restraint petition on October 20, 2016. Dkt. 8, Exhibit 1, ACORDS printout Cause No. 49767-1-II. However, the Court is unable to determine when the mandate was issued and if, in fact, the filing of the personal restraint petition was timely. RCW 10.73.090 states that no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment become final and a judgment becomes final on the last of (a) the date it is filed with the clerk of the trial court; (b) the date the appellate court issues its mandate; or (c) the date the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal.

A properly filed personal restraint petition will toll the statute of limitations, 28 U.S.C. § 2244(d)(2), but the filing of a federal petition does not, *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). This means that if the mixed petition is dismissed, Mr. James risks having his federal claims barred by the one year statute of limitations when he seeks relief in a subsequently filed, fully exhausted petition.

When faced with a mixed petition, a district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his

REPORT AND RECOMMENDATION - 2

unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005).  The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion.  *Id*., at 276.  A stay is appropriate where the petitioner is attempting to properly exhaust claims in state court.  *Id.*  Here, it appears Mr. James is attempting to exhaust state remedies, and the Washington courts should rule in the state court proceedings in the near future.  Therefore, the requested stay appears appropriate.

## CONCLUSION

Accordingly, it is recommended that defendant's motion to dismiss (Dkt. 8) be **DENIED** and petitioner's request to stay these proceedings be **GRANTED.**  Petitioner should be directed to notify the Court within thirty (30) days of resolution of his state court proceedings and to provide the Court with a status report of his state court proceedings every ninety (90) days.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 14, 2017**, as noted in the caption.

**DATED** this 20th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3