UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E JAMES, | Case No. C16-6063-RJB-TLF |
| Petitioner, | |
| v. | ORDER DENYING MOTION TO APPOINT COUNSEL |
| ERIC JACKSON, | |
| Respondent. | |

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in December 2016. Dkts. 1, 5. By order dated April 18, 2017, this matter was stayed pending the resolution of petitioner's state court proceedings. Dkt. 12. Petitioner's state court proceedings are still pending. Petitioner now moves to appoint counsel in this action (Dkt. 27).

Petitioner acknowledges his state court proceedings are still pending. Dkt. 27. It appears his petition for discretionary review has been granted by the state supreme court and the matter remanded to the Court of Appeals for further proceedings on his personal restraint petition. Dkts. 26, 27, 28. Petitioner is represented by counsel in his state court proceeding. *Id.* In his motion for appointment of counsel in this matter petitioner contends his claims are numerous and factually and legally complex. Dkt. 27. He indicates he intends to request an evidentiary hearing if his claims are rejected by the state court and that he believes appointed counsel will be necessary for effective utilization of discovery procedures. *Id.* Petitioner also indicates he is indigent. *Id.*

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Here, petitioner's state court proceedings are still pending and there is a possibility that he may obtain relief in state court. Furthermore, respondents have not yet filed an answer in this case and the matter is currently stayed pending the outcome of state court proceedings. In light of the pending state court proceedings, the Court does not find good cause for granting leave to conduct discovery in this action at this point and is not yet able to determine whether an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Furthermore, petitioner's filings to date indicate a sufficient ability to articulate his claims, and it is difficult for the Court to properly evaluate the likelihood of success on the merits until the respondent has filed an answer and the state court record. Petitioner has not shown the interest of justice requires the Court to appoint counsel at this stage in the case. Accordingly, petitioner's motion is premature at this point.

As petitioner has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 27) is denied without prejudice. The petitioner may renew this motion if appropriate at a later time in the proceedings.

Dated this 19th day of July, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge