1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. JACKSON,

                    Petitioner,

    v.

ERIC JACKSON,

                    Respondent.

CASE NO. 3:16-cv-06063-RJB-BAT

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,
EVIDENTIARY HEARING, AND
EXPANSION OF RECORD**

Petitioner moves for appointment of counsel (Dkt. 37), to supplement the record (Dkt. 38), and an evidentiary hearing (Dkt. 41).  The Court **DENIES** each motion.

**1.    Evidentiary Hearing and Expansion of Record**

The Court denies the motions for an evidentiary hearing and expansion of the record as premature. Petitioner moves for permission to file an amended habeas petition which has not yet been served on respondent. An evidentiary hearing is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011), where a petitioner's federal claims were properly presented to the state courts and the state courts' rejection of the claims are neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record. It is premature for the Court to make this determination and thus premature for the Court to grant an evidentiary hearing.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,
EVIDENTIARY HEARING, AND
EXPANSION OF RECORD - 1

*Pinholster* also governs petitioner's request to further develop or supplement the record through attachments and exhibits. *See Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th Cir. 2012) (*Pinholster* governs discovery, expansion of the record and evidentiary hearings); *Neng Saypropha v. Gary Swarthout, Warden*, No. 15-16028, 2016 WL 4073503 (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for evidentiary hearing (and discovery) no matter the subject of the claim; it worked a sea change in federal habeas corpus practice."). Again, it is premature for the Court to determine whether *Pinholster* applies and thus premature for the Court to grant a request to expand or supplement the record.

### 2.   Appointment of Counsel

There is no right to have counsel appointed in cases brought in a federal habeas action unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

The Court also may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner requests appointment of pro bono counsel "to make effective utilization of discovery procedures to demonstrate the validity of his claim," and the lack of legal research opportunities due to the impact of COVID-19. *Id.* These are impediments virtually all prisoners face; the court thus concludes petitioner's conditions of confinement are not such that "the

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,
EVIDENTIARY HEARING, AND
EXPANSION OF RECORD - 2

interests of Justice" require appointment of counsel. Moreover, the Court notes plaintiff filed a serviceable petition, litigated his personal restraint petition in the state courts, filed an amended petition, and has filed numerous other motions, all of which establish petitioner has the ability to litigate his own case.

The Court has not yet found an evidentiary hearing should be ordered in this case, or whether further evidence may be developed. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). The Court accordingly denies appointment counsel at this point.  For the foregoing reasons, the Court **ORDERS:**

(1)    Petitioner's motions for appointment of counsel (Dkt. 37), to supplement the record, (Dkt. 38), and for an evidentiary hearing (Dkt. 41) are **DENIED** without prejudice.

(2)    The Clerk shall provide copies of this order to the parties.

DATED this 30th day of November, 2020.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,
EVIDENTIARY HEARING, AND
EXPANSION OF RECORD - 3