UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. JACKSON,

          Petitioner,

   v.

ERIC JACKSON,

          Respondent.

CASE NO. 3:16-cv-06063-RJB-BAT

**REPORT AND RECOMMENDATION**

Petitioner proceeds *pro se* in this federal habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner originally filed his habeas petition in December 2016. Dkt. 1. On April 18, 2017, the Court granted Petitioner's motion to stay proceedings on the petition while he attempted to exhaust state remedies. Dkt. 12. In late 2020, Petitioner notified the Court that state court proceedings were complete and moved for leave to file an amended petition. Dkts. 36, 39. The Court granted Petitioner's motion for leave to amend. Dkt. 47. In November 2020, Petitioner filed his amended petition and Respondent filed an answer arguing several of Petitioner's claims were procedurally barred and the remaining claims were without merit. Dkt. 51. Petitioner was granted two extensions of time to file a response to Respondent's answer. Dkts. 57, 62. Petitioner now moves to amend his Petition for a second time. Dkt. 63. Respondent opposes the motion.

REPORT AND RECOMMENDATION - 1

Dkt. 64. Petitioner also filed two motions seeking a further extension of time to file a response to Respondent's answer. Dkts. 63, 67. Respondent opposes the motions. Dkt. 68.

For the reasons below the Court recommends that Petitioner's motion to amend (Dkt. 63) be DENIED. The Court further recommends that Petitioner's motions for a further of extension of time to file a response to Respondent's answer (Dkts. 63, 67) be GRANTED IN PART, and that Petitioner be directed to file his response on or before **September 20, 2021**, and the petition be re-noted to **October 1, 2021**.

## DISCUSSION

**A.    Motion to Further Amend Petition**

In his amended petition, filed November 30, 2020, Petitioner presents the following grounds for relief:

> GROUND ONE: Trial Court Erred in instructing the jury on the lesser degree offense of second degree rape.
> Defendant was tried on the original charge of First degree rape based on the serious physical injuries suffered by the victim. Victim made no claim of any act of sexual activity other than the one resulting in her injuries. Court instructed jury, over defense counsels' objection, on lesser degree offense of second degree rape, despite failing to present evidence that defendant committed only the lesser offense, to the exclusion of the greater, as set forth by the WA. Supreme Court in *State v. Workman*, 584 P.2 382 (1978), and the U.S. Supreme Court in *Samsone v. U.S.*, 85 S. Ct. 1004 (U.S. Mo. 1965).
> […]
> GROUND TWO: The state failed to present evidence on essential element of the lesser degree charge in second degree rape of which defendant was convicted.
> Victim only claimed assault which resulted in her serious physical injuries, which formed the basis of the original charge of First degree rape. Defendant testified he did not engage in any act of sexual intercourse. Neither victim or defendant claimed version of events which justified the giving of second degree rape instruction. When defendant was convicted of lesser degree offense, he was implicitly acquitted of the greater offense. As the only claim of sexual intercourse was the act which resulted in the victims injuries, of which defendant was not convicted, the state was therefore required to present evidence of some other act of sexual intercourse, which it did not do.
> […]
> GROUND THREE: Denial of Due Process by the Failure to provide a record of sufficient completeness.
> The Verbatim Report of Proceedings provided to the Court of Appeals, and which formed the Record of Review, omitted or altered significant events which occurred during defendant trial. These include actions constituting Prosecutorial Misconduct and Ineffective Assistance of Trial Counsel, as well as Ex Parte Communication with the Jury

REPORT AND RECOMMENDATION - 2

during deliberation and the Courts failure to instruct the jury to disregard inadmissible evidence which was presented to it. This claim is supported by affidavits from members of the public and defense counsel attesting to the events which are not reflected in the Record on Review.

[…]

GROUND FOUR: Ineffective Assistance of Trial Counsel

In addition to the actions of trial counsel which were not included in the court record which constituted deficient representation, defense counsel also committed acts which constitute ineffective assistance which were included in the court record. These include the failure b raise a reasonable belief defense, Failing b investigate the DNA Report which resulted in erroneous information in Defense Trial Brief concerning the presence of other suspect DNA, failing to object to incomplete jury instructions, failing to object to restitution and the courts use of facts not proven or admitted at trial to impose sentence, and failure to request victim competency hearing.

[…]

GROUND FIVE

Ineffective Assistance of Appellate Counsel

Appellate counsel was ineffective for failing to communicate effectively with petitioner and for failing to adequately investigate the facts of his case. Appellate counsel was further ineffective for failing to object to the record of insufficient completeness and failing to present meritorious issues while pursuing those with less merit. Appellate counsel also failed to provide petitioner with accurate information. These claims can be confirmed in correspondence to and from appellate counsel, and also will depend on the resolution of petitioners claim of a record of insufficient completeness.

[…]

GROUND SIX

Petitioner was denied the Due Process guaranteed by the U.S. Constitution by the alteration of Court Records which concealed errors committed during his trial. Petitioner has submitted affidavits from defense counsel Karrie Young and members of the public with his Personal Restraint Petition which attest to events and statements occurring which are altered in the same manner in both the official report of proceedings and the clerks minutes, indicating more than a simple failure to record proceedings accurately.

[…]

GROUND SEVEN

Petitioner was denied his constitutional right to due process by the courts failure to file and preserve the original report of proceedings.

Documents received from the Grays Harbor Superior Court, and those included in the Report of Proceedings confirm that the audio tapes created by the court reporter were used to produce the RP, as authorized by Washington Court Rules, and the courts failure to comply with relevant court rules and statutes dealing with the filing and preservation of court records resulted in the destruction of these audio tapes, denying petitioner the ability to confirm the validity of his claims regarding the insufficiency of the report of proceedings.

[…]

GROUND EIGHT

Cumulative Error. The Constitutional and non-constitutional errors committed during petitioners trial and appellate process listed above, several of which are inter-related, combined to deny him a fair trial and appellate review. The cumulative effect of these errors, several of which ever standing alone should justify relief, warrant remand for a new trial, or in the alternative, a reference hearing to determine the validity of petitioners

REPORT AND RECOMMENDATION - 3

claims regarding the record of insufficiency and its effect on petitioners ability to receive effective appellate review.

Petitioner now moves to amend his Petition for a second time to include the following amended claims:

> Amended Claim I
> Trial counsel was ineffective in failing to request a Workman Analysis to challenge the Lesser Included/Lesser Degree Jury Instruction of Rape in the Second Degree, in violation of the Sixth Amendment to the United States Constitution. […]
>
> Amended Claim II
> The trial court violated petitioner's right to Due Process, guaranteed under the 14th and 5th Amendments to the U.S. Constitution, by allowing the jury to convict him based on evidence that was insufficient to justify the lesser degree offense instruction on Second Degree Rape that he was convicted of. […]

Dkt. 63, at 5. Respondent opposes the motion on the grounds that the proposed amendments are untimely and futile. Dkt. 64. Petitioner did not file a reply.

An application for a writ of habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242; Rule 12, Rules Governing § 2254 Cases. The court looks to Federal Rule of Civil Procedure 15 to address petitioner's motion to amend his habeas petition. *James v. Pliler,* 269 F.3d 1124, 1126 (9th Cir. 2001). Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). Factors that may justify denying a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, [and] futility of the amendment .... " *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) ("bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings") (citation omitted).

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of

REPORT AND RECOMMENDATION - 4

action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 616 (9th Cir. 2017). "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845. "Courts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed." *Halvorsen v. Parker*, 2012 WL 5866220, at *4 (E.D. Ky. Nov. 19, 2012); *cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Further, leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. "A determination of futility contemplates whether, upon de novo review, the amendment could present a viable claim on the merits for which relief could be granted." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014). A district court may properly deny a motion to amend on futility grounds if the proposed habeas claim is unexhausted, *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004), or if it would be barred by the statute of limitations. *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

With respect to Petitioner's first proposed amended claim, the record indicates that Petitioner has long been aware of a potential ground of ineffective assistance based on the lack of "Workman analysis." This is illustrated by the fact that Petitioner challenged the trial court's decision to instruct the jury on the lesser charge of second-degree rape in his pro se statement of

REPORT AND RECOMMENDATION - 5

additional grounds for review on direct appeal. Dkt. 51, Ex. 2, at 12-14; Ex. 4, at 5-11. In his personal restraint petition, Petitioner also presented several different challenges to trial counsel's effectiveness based on the jury instructions for the lesser degree charge of second-degree rape. Dkt. 51, Ex. 11, at 3-9; Ex. 12, at 28-31, 37-39. Likewise, with respect to Petitioner's second proposed amended claim, relating to insufficiency of the evidence of second-degree rape, the facts and theory that form the basis for his proposed amended claim are not new but have been available to him throughout this case.

It appears clear that the facts and legal theory supporting both proposed amended claims were available to Petitioner and could have been included in his original habeas petition in 2016 or in his amended habeas petition filed in November 2020. Petitioner offers no explanation for his failure to include his proposed amended claims in his original or amended petition aside from his general assertion that he is a *pro se* litigant. Dkt. 63. Furthermore, it has now been four and half years since Petitioner filed his original petition, eight months since Petitioner filed his amended petition and nearly six months since Respondent filed his answer to the amended petition. The Court has already granted Petitioner two lengthy extensions to file a response to the answer but instead Petitioner has moved to amend his petition again and for a further extension of time to file his response. Under the circumstances, the undersigned recommends that Petitioner's motion to amend be denied with respect to both proposed amended claims. *See Bonin*, 59 F.3d at 845.

The Court also notes that it appears likely that the proposed amendment to the second claim would be futile. Respondent has argued in his answer that Petitioner's original claim regarding sufficiency of the evidence (Ground 2) is procedurally barred. Dkt. 50. Respondent argues that because the existing insufficiency claim is procedurally barred, Petitioner's effort to

1  amend the existing claim is futile. Dkt. 64. Petitioner did not file a reply and thus offers no
2  argument on the issue of futility.
3  Before seeking federal habeas relief, a state prisoner must exhaust the remedies available
4  in the state courts. The exhaustion requirement reflects a policy of federal-state comity, intended
5  to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its
6  prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation and
7  citation marks omitted). There are two avenues by which a petitioner may satisfy the exhaustion
8  requirement. First, a petitioner may properly exhaust his state remedies by "fairly presenting" his
9  claim in each appropriate state court, including the state supreme court with powers of
10  discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v.*
11  *Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).
12  Second, a petitioner may technically exhaust his state remedies by demonstrating that his
13  "claims are now procedurally barred under [state] law." *Gray v. Netherland*, 518 U.S. 152, 162-
14  63 (1996) (quoting *Castille v. Peoples*, 489 U.S. 436, 351 (1989)); *see also Smith v. Baldwin*,
15  510 F.3d 1127, 1139 (9th Cir. 2007) (en banc). If the petitioner is procedurally barred from
16  presenting his federal claims to the appropriate state court at the time of filing his federal habeas
17  petition, the claims are deemed to be procedurally defaulted for purposes of federal habeas
18  review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A habeas petitioner who has defaulted
19  his federal claims in state court meets the technical requirements for exhaustion because "there
20  are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732
21  (2007). Federal habeas review of procedurally defaulted claims is barred unless the petitioner can
22  either demonstrate cause for the default and actual prejudice as a result of the alleged violation of
23

REPORT AND RECOMMENDATION - 7

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.*, at 724.

In order to satisfy the "fair presentation" requirement for exhaustion purposes, "[i]t has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005). In order to exhaust state remedies, a petitioner must present the substance of his claim to the state courts. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *See id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) ("In order to fairly present an issue to a state court, a [habeas] petitioner must present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." (quotation marks and citation omitted); *Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) (same). Under Ninth Circuit caselaw, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal or state cases involving the legal standard for a federal constitutional violation. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005); *Lyons v. Crawford*, 232 F.3d at 668, 670 (9th Cir. 200), *as modified by* 247 F.3d 904 (9th Cir. 2001); *See Peterson v. Lampert*, 319 F.3d at 1158 ("for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue"). Generally appealing to a broad constitutional provision

REPORT AND RECOMMENDATION - 8

alone is not sufficient to satisfy the exhaustion requirement. *See Gray v. Netherland*, 518 U.S. 52, 163 (1996) (internal citations omitted). While the petitioner must explicitly reference federal law in state court, exhaustion is satisfied once the petitioner makes this explicit reference even if the petitioner relies predominately on state law before the state courts. *See Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir. 2000).

Here, Petitioner did not include a reference to a federal constitutional guarantee in his briefs to the state Court of Appeals raising this claim.[1] Petitioner's general references to insufficiency of the evidence in his briefs are insufficient to fairly present his claims as federal constitutional violations. *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) ("general reference in [Petitioner's] state habeas petition to insufficiency of evidence […] lacked the specificity and explicitness required for the purported federal constitutional dimension of such claims to have been 'fairly presented' to the […] state courts under our precedent."). Accordingly, as it appears Petitioner failed to "fairly present" Ground 2, as a federal constitutional violation to the state appellate courts, it appears Petitioner failed to properly exhaust his existing claim regarding sufficiency of the evidence.

It also appears that Petitioner's sufficiency of the evidence claim is technically exhausted because if Petitioner attempted to raise it in a second personal restraint petition, the state courts would find it barred by Washington law. Under RCW 10.73.090(1), a petition for collateral

---

[1] The Court notes that Petitioner's brief to the state Court of Appeals discussing the claim at issue cites only to state law cases. Dkt. 51, Exs. 3, 4. The state cases cited in Petitioner's brief primarily analyze state case law and do not appear to directly analyze the federal constitutional standard such that the state courts would have been on notice that Petitioner intended to present a federal constitutional claim. *See Peterson*, 319 F.3d at 1159 (9th Cir. 2003) (*citing Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) ("The exhaustion requirement is designed to serve the purposes of federalism, and the efficient administration of justice, by ensuring that the state courts have had a fair opportunity to address their alleged errors of federal law before those alleged errors are presented to the federal courts.").

REPORT AND RECOMMENDATION - 9

attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final, subject to exceptions that do not apply here. *See* RCW 10.73.100. A judgment becomes final for purposes of state collateral review on the date that the appellate court issues its mandate disposing of a timely direct appeal. RCW 10.73.090(3)(b). Here, the state court issued its mandate well over one year ago, on October 23, 2015.[2] It therefore appears clear that Petitioner would now be time barred from returning to the state courts to present this unexhausted claim. *See* RCW 10.73.090. Moreover, because Petitioner has previously presented a personal restraint petition to the state courts, the state courts are unlikely to entertain another such petition. *See* RCW 10.73.140 (successive petition bar). Accordingly, it appears that Petitioner has technically exhausted, and procedurally defaulted, his existing claim regarding sufficiency of the evidence.

Federal habeas review of a petitioner's procedurally defaulted claims is barred unless he can demonstrate cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.*, at 753; *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a petitioner can demonstrate "cause" if he shows constitutionally ineffective assistance of counsel, the

---

[2] The Court notes that it appears that Respondent failed to include a copy of the mandate in the state court record filed with the Court but takes judicial notice of the state court record in *State v. James*, No. 44906-4-II located at: https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&casenumber=449064&searchtype=aNumber&crt_itl_nu=A02&filingDate=2013-05-20 00:00:00.0&courtClassCode=A&casekey=165628966&courtname=COA, Division II (last visited July 20, 2021). *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted) (judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts."); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

REPORT AND RECOMMENDATION - 10

unavailability of a factual or legal basis for a claim, or some interference by officials). To show "prejudice," petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in original). And only in a "truly extraordinary case," the Court may grant habeas relief without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 338 (1995).

In his motion to amend, Petitioner fails to argue or demonstrate that any factor external to the defense prevented him from complying with the state's procedural rules and, thus, he has not demonstrated cause for his procedural default, nor does he make any specific argument or showing of actual innocence such that his existing sufficiency of the evidence claim would be eligible for federal habeas review. Because it appears Petitioner's existing insufficient evidence claim (Ground 2) is technically exhausted and procedurally barred, amendment of that existing claim would likely be futile.

B. **Motions for Extension of Time**

Petitioner has also filed two motions seeking an extension of time to file his response to Respondents' answer. Dkts. 63, 67. In his most recent motion for extension, filed July 6, 2021, Petitioner indicates that he was recently transferred and that it may take a month or longer for his legal materials to arrive. Dkt. 67. Petitioner also indicates that he has not yet received certain materials from the Washington Chapter of the Innocence Project related to a civil action being pursued on his behalf related to the alleged improper destruction of evidence which he believes will support claims in his amended petition. Petitioner further indicates he is currently under a 14

REPORT AND RECOMMENDATION - 11

day quarantine and that his new facility only allows two law library sessions per week. Petitioner seeks an extension of time until October 20, 2021 to file his response. Respondent opposes Petitioner's motion noting that Petitioner has already had two prior lengthy extensions of time to file his response. Dkt. 68.

It appears to the Court that Petitioner has shown good cause for a further extension of time. However, in light of the fact that Petitioner has already had two prior lengthy extensions of time to file a response, the Court believes a shorter extension is appropriate here. Accordingly, the undersigned recommends that Petitioner's motions for extension (Dkts. 63, 67) be GRANTED IN PART and that Petitioner be directed to file his response to Respondent's answer by before **September 20, 2021**, and the petition be re-noted to **October 1, 2021**.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that: (1) Petitioner's motion to amend (Dkt. 63) be DENIED; (2) Petitioner's motions for extension of time (Dkts. 63, 67) be GRANTED IN PART and Petitioner be directed to file his response to Respondent's answer by before **September 20, 2021**, and the petition be re-noted to **October 1, 2021**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 11, 2021.** The Clerk should note the matter for **August 13, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the

REPORT AND RECOMMENDATION - 12

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 21st day of July, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13