1
2
3
4
5

UNITED STATES DISTRICT COURT
6
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8    ROBERT E. JAMES,

9                              Petitioner,          CASE NO. 3:16-cv-06063-RJB-BAT

10          v.                                      **REPORT AND
                                                    RECOMMENDATION**
11    ERIC JACKSON,

12                              Respondent.

13          In a 28 U.S.C. § 2254 amended habeas petition, *pro se* petitioner challenges his 2013

14    conviction for second-degree rape and sentence of 102 months to life in confinement. Dkt. 48.

15    Petitioner sets forth eight grounds for relief: (**1**) the trial court erred in instructing the jury on the

16    lesser degree offense of second-degree rape; (**2**) the state failed to present evidence on an

17    essential element of the lesser degree charge of second-degree rape; (**3**) denial of due process

18    based on an incomplete record of proceedings; (**4**) ineffective assistance of trial counsel;

19    (**5**) ineffective assistance of appellate counsel; (**6**) denial of due process based on court staff

20    altering records to conceal errors; (**7**) denial of due process based on audio recordings not being

21    preserved along with the certified record of proceedings; and (**8**) cumulative error. Dkt. 48, at 5–

22    13.

23

REPORT AND RECOMMENDATION - 1

1    Petitioner did not fairly present as federal claims Ground 1, Ground 2, sub-claims of

2    Grounds 4 and 5, and Ground 8 and those grounds are now procedurally barred by the state

3    statute of limitations and the law against successive collateral challenges. Moreover, those claims

4    also lack merit. The fully exhausted grounds for relief lack merit. Petitioner therefore has failed

5    to demonstrate that the adjudication of his claims resulted in a decision "contrary to" or

6    "involv[ing] an unreasonable application" of federal law as determined by the Supreme Court, or

7    that the adjudication "was based on an unreasonable determination of the facts in light of the

8    evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The Court

9    recommends **DENYING** the amended habeas petition and **DISMISSING** the matter with

10   prejudice. The Court also recommends **DENYING** petitioner's motion for an evidentiary

11   hearing. The Court recommends **GRANTING** issuance of a certificate of appealability solely

12   with respect to the Ground 4 subclaim of ineffective assistance of trial counsel regarding the

13   misevaluation and misrepresentation of the DNA report.

14                                   **BACKGROUND**

15      In 2013, a jury found petitioner guilty of second-degree rape. Dkt. 51-1, at 2–12. On

16   direct appeal, the state court of appeals affirmed petitioner's judgment and sentence, and the state

17   supreme court denied review. Dkt. 51-1, at 16–33, 163. In October 2016, petitioner filed a

18   personal restraint petition ("PRP") raising, among other grounds for relief, a claim of ineffective

19   assistance of trial counsel. Dkt. 51-1, at 165–77, 209–71. In July 2017, the acting chief judge of

20   the state court of appeals dismissed the PRP as frivolous. Dkt. 51-1, at 548–56. In May 2018,

21   however, the state supreme court reversed and remanded, finding that although "the majority of

22   [petitioner's] claims for relief are frivolous . . . [his] ineffective assistance of counsel claim based

23   on counsel's failure to understand the DNA evidence may not be frivolous, and it is not clear that

the evidence presented and the State's statements regarding a plea offer were fully considered below." Dkt. 51-1, at 674. On remand, the state court of appeals reviewed petitioner's eleven grounds for relief and denied the petition. Dkt. 51-1, at 711–30. On the question specifically remanded by the supreme court, the court of appeals found that although petitioner had made a prima facie showing that defense counsel had performed deficiently by failing to adequately investigate and understand the DNA report, he could not make a prima facie showing of prejudice because he did not assert that he would have accepted the State's plea offer absent that deficient investigation and understanding of the DNA report. Dkt. 51-1, at 718–21. In May 2020, the Commissioner for the Washington State Supreme Court denied petitioner's motion for discretionary review, remarking specifically only on the Ground 4 subclaim regarding appellate consideration of the ineffective assistance of counsel claim based on counsel's misunderstanding and lack of investigation of the DNA evidence, and on the Grounds 3, 6 and 7 claims of an incomplete/inaccurate transcript of proceedings. Dkt. 51-1, at 763–66.

Petitioner first presented his 28 U.S.C. § 2254 habeas petition at the end of 2016, i.e., while his PRP proceedings were still pending. Dkts. 1, 5. The Court thus subsequently stayed the federal proceedings so that petitioner could fully exhaust his grounds for relief in state court. Dkts. 11, 12. The stay was lifted in late-2020, and the parties were afforded several extensions of time to file an amended habeas petition, an answer, and responsive briefing. *See* Dkts. 48, 50, 51, 72. Petitioner raises eight grounds for relief in his federal habeas petition:

1. "Trial Court erred in instructing the jury on the lesser degree offense of second degree rape," Dkt. 48, at 5;

2. "The State failed to present evidence of an essential element of the lesser degree charge of second degree rape of which defendant was convicted," Dkt. 48, at 7;

3. "Denial of Due Process by the failure to provide a record of sufficient completeness," Dkt. 48, at 8;

4. "Ineffective Assistance of Trial Counsel," Dkt. 48, at 8, including:

    a. "failure to raise a reasonable belief defense";

    b. "failing to investigate the DNA Report which resulted in erroneous information in Defense Trial Brief concerning the presence of other suspect DNA";

    c. "failing to object to incomplete jury instructions";

    d. "failing to object to restitution"

    e. failing to object to "the court's use of facts not proven or admitted at trial to impose sentence";

    f. "failure to request victim competency hearing."

5. "Ineffective Assistance of Appellate Counsel," Dkt. 48, at 12, including:

    a. "failing to communicate effectively with petitioner and for failing to adequately investigate the facts";

    b. "failing to object to the record of insufficient completeness";

    c. "failing to present meritorious issues while pursuing those with less merit";

    d. "failed to provide petitioner with accurate information";

6. "Petitioner was denied the Due Process guaranteed by the U.S. Constitution by the alteration of Court Records which conceded errors committed during his trial," Dkt. 48, at 12;

7.  "Petitioner was denied his constitutional right to Due process by the court's

    failure to file and preserve the original [recorded audio] report of proceedings,"

    Dkt. 48, at 13; and

8.  "Cumulative Error," Dkt. 48, at 13.

## DISCUSSION

Although petitioner raises eight grounds for relief, only a subclaim of the Ground 4 ineffective assistance of trial counsel issue raises a colorable constitutional question. That subclaim was the one remanded by the state supreme court during PRP proceedings: the contention that petitioner's trial counsel provided ineffective assistance of counsel by misunderstanding and failing to investigate DNA evidence, thereby influencing petitioner's decision to reject a plea deal.[1] Ground 1, Ground 2, sub-claims of Grounds 4 and 5, and Ground 8 are procedurally defaulted and, regardless, lack merit. Ground 3, the exhausted subclaims in Grounds 4 and 5, Ground 6, and Ground 7 all lack merit.

## I.    Procedurally Defaulted Ground 1, Ground 2, subclaims of Grounds 4 and 5, and Ground 8

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct violations of its

---

[1] The Court notes that petitioner states this ineffective assistance of trial counsel subclaim in a different and less forceful way than he did before the state appellate and supreme courts, proposing that defense counsel "failed to investigate the DNA Report which resulted in erroneous information in Defense Trial Brief concerning the presence of other suspect DNA." Dkt. 48, at 10. Moreover, his reply brief expends most argumentation on issues that clearly lack merit, such as expansive discussion of why the verbatim report of proceedings is incomplete because his sister submitted a declaration stating that certain testimony was omitted. Dkt. 72, at 1–21. Nevertheless, the Court construes *pro se* petitioner's ineffective assistance subclaim regarding the DNA evidence in the manner most salient to raising a federal constitutional issue, i.e., the manner in which it was addressed by the state appellate and supreme courts.

prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To provide the State with the necessary opportunity, the prisoner must "fairly present" his or her claim in each appropriate state court. *Id.* When discretionary state supreme court review is part of the appellate process, whether on direct review or during the judicial postconviction process, "fair presentation" means that a petitioner must present all claims to the highest court in order to permit federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Casey v. Moore*, 386 F.3d, 896, 916 (9th Cir. 2004). It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. In order to exhaust the federal habeas claim, a petitioner must have fairly presented to the state courts the substance of his or her federal habeas claim. *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982). Vague references to broad constitutional principles such as due process, equal protection, and a fair trial do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Id.* at 163.

Petitioner did not fairly present his Ground 1, Ground 2, subclaims of Grounds 4 and 5, and Ground 8. Despite that he did not fairly present his federal claims to the Washington state courts, he has exhausted his state-court remedies on these questions for federal habeas purposes. This is because petitioner is procedurally barred from pursuing remedies in state court by independent and adequate state grounds: Washington's one-year statute of limitations for collateral attacks, R.C.W. § 10.73.090, and the state law against second or successive collateral attacks absent good cause, R.C.W. § 10.73.140; *see* R.A.P. 16.4(d). Petitioner's criminal conviction became final in October 2015 and he is now time-barred from filing another personal restraint petition. *See State v. James*, No. 44906-4-II, Mandate (Wash. Ct. App. Oct. 23, 2015),

*located at* https://dw.courts.wa.gov/. The Ninth Circuit has held that Washington's time-related procedural statute on personal restraint petitions, R.C.W. § 10.73.090, provides an independent and adequate state ground to bar federal review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000). In addition, under Washington law, the state courts will not consider a second or successive personal restraint petition absent good cause showing why the issues were not raised in the prior personal restraint petition. R.C.W. § 10.73.140.

### A. Ground 1: Jury Instructions

In Ground 1, petitioner contends that the trial court erred by instructing the jury on the lesser-degree offense of second-degree rape rather than only on first-degree rape. Dkt. 48, at 5. Petitioner presented this claim as a state-law violation in his supplemental *pro se* brief in the court of appeals on direct review. Dkt. 51-1, at 62–68. He did not present the claim as a federal constitutional violation in his petition for review before the state supreme court. Dkt. 51-1, at 124–30. He did not present the claim in PRP proceedings. Ground 1 was not fairly presented as a federal claim in state court and is therefore now procedurally defaulted for purposes of his federal habeas petition. Moreover, there is no indication that the state court of appeals violated federal law by determining that the jury was properly instructed on the elements of second-degree rape under Washington law. Dkt. 51-1, at 98–100.

### B. Ground 2: Absence of Evidence of an Essential Element

In Ground 2, petitioner contends that the State failed to present evidence of second-degree rape because, in the absence of jury conviction for first-degree rape, the State had to prove that another instance of sexual intercourse occurred that caused the injuries. Dkt. 48, at 7. Although this claim was presented on direct review as a federal claim in his petition for review, Dkt. 51-1, at 131–34, he neither presented it with the same factual basis nor as a federal claim

1    before the court of appeals, Dkt. 51-1, 45–47. He did not present Ground 2 in PRP proceedings.

2    Ground 2 was not fairly presented as a federal claim in state court and is therefore now

3    procedurally defaulted for purposes of his federal habeas petition. Moreover, there is no

4    indication that petitioner's misapprehension regarding the evidence sufficient to convict a person

5    for second-degree rape constituted a federal constitutional violation.

6    **C.  Ground 4 Subclaims: (a) Failure to Object to Incomplete Jury Instructions;**

7    **(b) Failure to Request Victim Competency Hearing**

8    In Ground 4 subclaims, petitioner contends that he received ineffective assistance of trial

9    counsel because defense counsel (a) failed to object to incomplete jury instructions and (b) failed

10    to request a victim competency hearing. Dkt. 48, at 10. Petitioner did not present subclaim (a) in

11    the PRP proceedings. Subclaim (a) regarding jury instructions was not fairly presented as a

12    federal claim in state court and is therefore now procedurally defaulted for purposes of his

13    federal habeas petition. Moreover, petitioner provides no basis to suggest a federal claim here.

14    Even presuming that petitioner presented subclaim (b) regarding a victim competency hearing as

15    a federal claim by referring broadly to ineffective assistance of counsel on direct review before

16    the court of appeals, Dkt. 51-1, at 70–72, he did not present subclaim (b) in his petition for

17    review before the supreme court, *see* Dkt. 51-1, at 114–35. Although petitioner presented

18    subclaim (b) as a federal claim in his PRP brief before the court of appeals, Dkt. 51-1, at 258–60,

19    he omitted subclaim (b) in his petition for discretionary review before the supreme court, *see*

20    Dkt. 51-1, at 574–80. Subclaim (b) regarding a victim competency hearing was not fairly

21    presented as a federal claim in state court and is therefore now procedurally defaulted for

22    purposes of his federal habeas petition. Moreover, there is no indication that the state court of

23    appeals violated federal law by determining that there was no deficient performance based on a

1   subclaim (b) that defense counsel should have sought a competency hearing because petitioner

2   failed to identify any compelling reason in the record that would overcome the strong

3   presumption under state law "'that psychological examinations of witnesses to crimes shall not

4   be allowed.'" Dkt. 51-1, at 31 (quoting *State v. Israel*, 963 P.3d 897, 900 (Wash. Ct. App.

5   1998)).

6   **D.  Ground 5 Subclaim: Failure to Present Meritorious Issues/Pursuing Meritless**

7       **Issues**

8          In a Ground 5 subclaim, petitioner contends that he received ineffective assistance of

9   appellate counsel because appellate counsel failed to present meritorious issues while pursuing

10  issues with less merit. Dkt. 48, at 12. Although petitioner presented this subclaim as a federal

11  constitutional issues in PRP proceedings before the court of appeals, Dkt. 51-1, at 265, he did not

12  present it to the state supreme court in his motion for discretionary review, Dkt 51-1, at 580–581.

13  This subclaim was not fairly presented as a federal claim in state court and is therefore now

14  procedurally defaulted for purposes of his federal habeas petition. Moreover, petitioner cannot

15  identify any meritorious issues that were omitted and cannot demonstrate that appellate counsel's

16  performance was deficient merely because counsel's arguments were rejected.

17  **E.  Ground 8: Cumulative Error**

18          In Ground 8, petitioner contends that the cumulative error doctrine demands reversal

19  because numerous errors in proceedings deprived him of a fair trial and appellate review. Dkt.

20  48, at 13. Petitioner presented Ground 8 as a violation of state law in his supplemental *pro se*

21  brief on direct review before the court of appeals, Dkt. 51-1, at 78–79. He did not present

22  Ground 8 in his petition for review on direct review. *See* Dkt. 51-1, at 114–35. In PRP

23  proceedings, he presented Ground 8 as a state-law claim before the court of appeals, Dkt. 51-1, at

REPORT AND RECOMMENDATION - 9

269–70, and as a federal claim before the state supreme court via citation to supplementary

authorities, Dkt. 51-1, at 581, 619. He therefore did not present Ground 8 as a federal claim at

every level of state-court proceedings. Ground 8 was not fairly presented as a federal claim in

state court and is therefore now procedurally defaulted for purposes of his federal habeas

petition. Moreover, under traditional due process principles, cumulative error warrants habeas

relief only where the errors have "so infected the trial with unfairness as to make the resulting

conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Petitioner has been unable to demonstrate that pervasive errors so infected the trial and appellate

proceedings as to make his conviction for second-degree rape a denial of due process.

### F.  Cause and Prejudice or Actual Innocence

Unless it would result in a fundamental miscarriage of justice, a petitioner who

procedurally defaults may receive review of the defaulted claims only if he demonstrates cause

for the procedural default and actual prejudice stemming from the alleged errors. *Coleman v.

Thompson*, 501 U.S. 722, 750 (1991). Petitioner here is unable to demonstrate cause and

prejudice to excuse the procedural default of Ground 1, Ground 2, the discussed sub-claims of

Grounds 4 and 5, and Ground 8 because he does not show an objective circumstance prevented

him from fairly presenting his claims to the state courts. In fact, the briefing filed by petitioner in

support of direct review and his PRP proceedings—both by counsel and *pro se*—demonstrate

that there have been no barriers to fairly presenting his claims.

Petitioner is also unable to show actual innocence. "[A]ctual innocence, if proved, serves

as a gateway through which a petitioner may pass whether the impediment is a procedural bar

. . . [or] . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386

(2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district

1    court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

2    guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To

3    make a credible claim of actual innocence, a petitioner must "support his allegation of

4    constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

5    trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."

6    *Schlup*, 513 U.S. at 324. Petitioner has not provided any new evidence of actual innocence of

7    that caliber; rather, he relies on evidence presented at trial, speculates that the trial record has

8    been altered, and challenges the sufficiency of the evidence. But "'actual innocence' means

9    factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

10    (1998).

11        Petitioner's Ground 1, Ground 2, the discussed sub-claims of Grounds 4 and 5, and

12    Ground 8 have not been excused by a showing of cause and prejudice or of actual innocence.

13    **II.    Claims Examined on the Merits**

14        Respondent does not contest that petitioner has fully exhausted Ground 3, subclaims of

15    Grounds 4 and 5, and Ground 7. The Court disagrees with respondent's position that petitioner

16    failed to exhaust the Ground 5 subclaim of ineffective assistance of appellate counsel for failing

17    to object to an insufficient record and Ground 6 regarding a due process claim for the alteration

18    of records. Petitioner has failed, however, to demonstrate that any of his exhausted claims have

19    merit.

20        Federal habeas relief is available only if (1) the state decision was "contrary to, or

21    involved an unreasonable application of, clearly established Federal law, as determined by the

22    Supreme Court of the United States"; or (2) the state court decision was "based on an

23    unreasonable determination of the facts in light of the evidence presented in the state court

1  proceeding." 28 U.S.C. § 2254(d)(1)–(2). State court findings of fact are presumed correct unless

2  the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3      **A. Ground 3 and Ground 7: Denial of Due Process Based on Insufficiency of the**

4          **Record**

5          Petitioner's Ground 3 and Ground 7 are closely related. In Ground 3, petitioner claims his

6  due process rights were denied because he was not provided with a sufficiently complete record.

7  Dkt. 48, at 8. In Ground 7, he alleges that his right to due process when the court failed to

8  preserve the original audio recordings of proceedings and instead relied on the court reporter's

9  certified report of proceedings. Dkt. 48, at 13. The Court finds that petitioner has failed to

10 demonstrate that decisions by the state supreme court and the state court of appeals during PRP

11 proceedings to reject his Grounds 3 and 7 as meritless were contrary to, or involved an

12 unreasonable application of, Supreme Court precedents, or that those decisions were based on an

13 unreasonable determination of the facts.

14         In the PRP proceedings, petitioner's sister provided an affidavit alleging that she heard

15 the nurse at the trial provide testimony that was not transcribed by the court reporter. Dkt. 51-1,

16 at 179–80 (Decl. of Karen K. Ketner).[2] According to petitioner's sister, the victim stated to the

17 nurse that the person who picked her up raped her; defense counsel objected to this testimony;

18 the trial court sustained the objection and offered to provide a curative instruction; defense

19 counsel declined the instruction; and the prosecutor repeatedly referred to this testimony during

20 closing argument absent any objection from trial counsel. *Id.* Petitioner alleged that his sister's

21 recollection of court testimony, none of which is reflected in transcript, demonstrated the

22

23
_____

[2] Petitioner's nephew also submitted a declaration stating that he remembered the same
testimony as petitioner's sister. Dkt. 51-1, at 182–83.

insufficiency and inaccuracy of the certified, verbatim report of proceedings. Dkt. 51-1, at 726–27. The court of appeals rejected this contention for two reasons. First, "[a] declarant's statement that he or she recalls events at trial not present in the certified report of proceedings, without more, is not sufficient to show a material omission in the certified transcripts." *Id.* at 726. Second, the court of appeals rejected his sister's recollections as highly improbable. *Id.* at 727. One of counsel's tactics throughout trial was to capitalize on the victim's initial contention that Louis Pluff picked her up and raped her. *Id.* Thus, the court of appeals found a contention that the transcript omitted an objection to evidence that supported counsel's theory of the case appeared to be senseless. *Id.* The state supreme court affirmed the court of appeals' reasoning that "the declaration from a trial attendee recalling different testimony, standing alone, is insufficient to demonstrate any error in the transcripts." Dkt. 51-1, at 766.

Petitioner fails to identify any Supreme Court precedent that would hold that a trial attendee's statement regarding an allegedly missing portion of the transcript would be sufficient to invalidate the sworn to and certified report of the proceedings. In the absence of such precedent, the state-court adjudication of Grounds 3 and 7 cannot be contrary to, or an unreasonable application of, clearly established law, or constitute an unreasonable determination of the facts.

### B. Ground 4 Subclaims: Failure to Investigate the DNA Report; Failure to Raise Reasonable Belief Defense; Failure to Object to Restitution; Failure to Object to Use of Information on Sentencing

In the exhausted Ground 4 subclaims, petitioner contends that he received ineffective assistance of counsel because trial counsel failed to investigate the DNA report, failed to raise a reasonable belief defense, failed to object to restitution, and failed to object to the trial court's

use of outside facts to impose the sentence. Dkt. 48, at 10. These subclaims all lack merit in terms of federal habeas relief, but defense counsel's misunderstanding and misuse of the DNA evidence merits closer examination.

Under *Strickland*, to demonstrate ineffective assistance of counsel a defendant must show (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness, and (2) this deficient representation prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). During habeas review, a federal court is doubly deferential to the state court's review of ineffective assistance of counsel: "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrison v. Richter*, 562 U.S. 86, 101 (2011). Thus, petitioner must demonstrate that it was "necessarily unreasonable" for the state court of appeals to conclude that he had not overcome the strong presumption of counsel's competence. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

### 1. Failure to Investigate the DNA Report

Petitioner alleges that he received ineffective assistance of counsel because of defense counsel's mishandling of the DNA report. In PRP proceedings, the state supreme court concluded that although it appeared that most of petitioner's claims were frivolous, the case should be remanded because petitioner's "ineffective assistance of counsel claim based on counsel's failure to understand the DNA evidence may not be frivolous, and it is not clear that the evidence presented and the State's statements regarding a plea offer were fully considered below." Dkt. 51-1, at 674. On remand, the court of appeals framed the question as:

> [D]efense counsel was ineffective before trial for failing to adequately investigate and understand a report detailing the State's DNA evidence, and that defense counsel's failure impacted his ability to decide whether to accept a plea offer from the State.

1    Dkt. 51-1, at 718. In the federal habeas petition, petitioner states the harm in a more generalized

2    way as a failure to investigate the DNA report, "which resulted in erroneous information in

3    Defense Trial Brief concerning the presence of other suspect DNA." Dkt. 48, at 10. However

4    broadly or narrowly this ineffective assistance subclaim is construed, the Court finds that

5    petitioner has not demonstrated that the state court's application of *Strickland* was unreasonable.

6          The court of appeals determined that petitioner was not entitled to a reference hearing

7    because although he had made a prima facie showing that defense counsel performed deficiently

8    by failing to adequately investigate and understand the DNA report, he had failed to make a

9    prima facie showing that he suffered prejudice as a result. Dkt. 51-1, at 718–19. The court

10   acknowledged that defense counsel had a duty to investigate adequately, as well as a duty to

11   assist a client in evaluating a plea offer. Dkt. 51-1, at 719. The court noted that petitioner had

12   submitted sufficient evidence to suggest that defense counsel's evaluation of the DNA evidence

13   constituted deficient performance. *Id.* at 719–20. According to petitioner's declaration, defense

14   counsel told him that the report showed another male's DNA had been collected from the victim,

15   which was a clear misreading of the DNA report. *Id.* at 719. When petitioner voiced his concerns

16   that defense counsel was misinterpreting the DNA report, counsel assured him that counsel

17   would contact the crime lab to confirm his interpretation, but no such confirmation took place.

18   *Id.* at 719–20. The DNA report itself was devoid of any conclusions that DNA from another male

19   was collected from the victim. *Id.* at 720. Nevertheless, defense counsel submitted a trial brief

20   that asserted, "The DNA exam found this defendant's DNA on both sides of her neck and

21   another, unidentified male's DNA elsewhere on her body." *Id.* (internal quotation marks

22   omitted). Moreover, defense counsel's cross-examination of the State's DNA expert suggested

23   that counsel misinterpreted the DNA report's conclusions. *Id.* The court of appeals thus

1    concluded that there was sufficient evidence to support a prima facie showing that defense

2    counsel rendered deficient performance by failing to investigate and understand the DNA

3    report's conclusion that no other male DNA was obtained from the victim. *Id.* The court of

4    appeals determined, however, that petitioner could not make a "prima facie" showing of

5    prejudice, the second prong of the *Strickland* standard:

6              [Petitioner] argues that his counsel's failure to adequately
               investigate and understand the DNA report impacted his ability to

7              make a meaningful decision about whether to accept the State's
               favorable plea offer. But [petitioner] does not assert that he would

8              have accepted the State's plea offer absent defense counsel's
               deficient performance in failing to investigate and understand the

9              DNA report. This is fatal to [his] ineffective assistance claim on
               this issue. Where ineffective assistance allegedly causes a

10             defendant to reject a plea offer, a defendant must show a
               reasonable probability that, but for the deficient advice of counsel,

11             he would have accepted the plea. *Lafler v. Cooper*, 566 U.S. 156,
               164 (2012). Having failed to identify any evidence that he would

12             have accepted the State's plea offer, James cannot show the
               requisite prejudice to support a claim of ineffective assistance

13             entitling him to relief or a reference hearing.

14    *Id.* at 721. When denying petitioner's motion for discretionary review, the state supreme court

15    commissioner explicitly affirmed the appellate court's reasoning on this issue. Dkt. 51-1, at 764–

16    65.

17            "To establish *Strickland* prejudice a defendant must 'show that there was a reasonable

18    probability that, but for counsel's unprofessional errors, the result of the proceeding would have

19    been different.' In the context of pleas a defendant must show the outcome of the plea process

20    would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)

21    (quoting *Strickland*). In *Lafler*, the Supreme Court explicated this standard in the context of

22    when the ineffective advice leads to the rejection of a plea offer:

23             Having to stand trial, not choosing to waive it, is the prejudice
               alleged. In these circumstances a defendant must show that but for

REPORT AND RECOMMENDATION - 16

> the ineffective advice of counsel there is a reasonable probability
> that the plea offer would have been presented to the court (i.e., that
> the defendant would have accepted the plea and the prosecution
> would not have withdrawn it in light of intervening circumstances),
> that the court would have accepted its terms, and that the
> conviction or sentence, or both, under the offer's terms would have
> been less severe than under the judgment and sentence that in fact
> were imposed.

*Lafler*, 566 U.S. at 163. In PRP proceedings, petitioner suggested that defense counsel's

misrepresentation of the DNA report may have influenced "his decision to accept or reject a plea

offer." Dkt. 51-1, at 576. That is, defense counsel failed "to provide defendant with accurate

information so as to enable him to make a reasonable decision as [to] whether or not to accept a

plea offer. And while petitioner [] based his refusal of a plea offer on the fact that he was

innocent of the charge against him, the effect of the prejudice caused by defense counsel's failure

to investigate the results of the DNA Report is still manifest in defense counsel's [] statement to

petition[er] that no further investigation was needed." Dkt. 51-1, at 255. According to petitioner,

defense counsel told him the DNA report meant "'Game over! The results show another male

DNA sample was collected from the victim'" and, as a result, "no further investigations or trial

motions were necessary." *Id.* Petitioner's most forceful statement regarding the impact is found

in an undated letter to appellate counsel, presumably written in 2013, in which petitioner stated

that defense counsel's misrepresentation of the DNA evidence "greatly influenced my decision

to go to trial rather than accept the Plea Bargain offered by the Prosecutor, which was Assault in

the 3rd Degree, with sexual motivation, and a standard range which would have amounted to

time served." Dkt. 72, at 45. Thus, construed most broadly, petitioner contends that while he

refused a plea offer based on innocence, defense counsel's inaccurate understanding of the DNA

report greatly influenced his decision to proceed to trial. *See also* Dkt. 51-1, at 74–78.

1        Petitioner has not demonstrated that it was "necessarily unreasonable" for the state court

2   to have determined that petitioner failed to establish prejudice. *Pinholster*, 563 U.S. at 190; *see*

3   *Harrison*, 562 U.S. at 101. In determining that petitioner had not made a "prima facie" showing

4   of prejudice, the state court essentially concluded that even accepting that counsel had performed

5   deficiently by misrepresenting the DNA results, petitioner's own unchallenged statements did

6   not demonstrate a reasonable probability that he would have accepted the plea offer and declined

7   to go to trial. *See* Dkt. 51-1, at 721. As petitioner has averred, he proceeded to trial based on his

8   factual innocence and at trial testified that although he had "made out" with the victim, which

9   was consistent with his DNA being found on her neck, he was unable physically to engage in

10  sexual intercourse and someone else had raped her, which was consistent with petitioner's DNA

11  not being found in the milky white fluid swabbed from the victim's buttocks. *See* Dkt. 51-1, at

12  25, 123, 127, 713; *Harrison*, 562 U.S. at 101. That theory of the case was consistent both with

13  the actual DNA report and with defense counsel's misrepresentation of the DNA report.

14  Moreover, petitioner stated that even pretrial he challenged defense counsel's interpretation of

15  the DNA report and repeatedly asked for confirmation. Dkt. 51-1, at 251–52, 278–79. Although

16  it is undoubtedly true that had defense counsel presented an accurate account of the DNA report,

17  petitioner would have been better informed about whether to accept the plea deal or proceed to

18  trial, petitioner repeatedly states "he based his refusal of a plea offer on the fact that he was

19  innocent" and that it was "actual innocence which prevented him from accepting his plea offer."

20  Dkt. 51-1, at 255–56. In fact, in his federal habeas petition, he does not assert that counsel's

21  misrepresentation of the DNA report caused him to reject the plea deal; rather, petitioner

22  indicates that the prejudice stemmed from "erroneous information in Defense Trial Brief

23  concerning the presence of other suspect DNA." Dkt. 48, at 10. Under the "doubly deferential"

1  standard applied during federal habeas proceedings, the Court cannot say that it was

2  unreasonable for the state court to have determined that petitioner could not establish that but for

3  counsel's misstatement regarding the strength of the DNA evidence, there was a reasonable

4  probability that petitioner would have accepted a plea deal. *See* Dkt. 51-1, at 721; *Lafler*, 566

5  U.S. at 163.

6         The Court emphasizes that its determination is based on its deferential, structural position

7  as a federal habeas court rather than as the state court itself on first review. Respondent does not

8  contradict petitioner's assertions that he requested evidence of the plea offer from defense

9  counsel and the prosecutor's office, and there is no indication that such requests received a

10 response. Dkt. 51-1, at 435–439. Similarly, respondent does not challenge petitioner's contention

11 that the plea deal would have afforded an opportunity to plead guilty to a lesser offense with a

12 shorter sentence. Dkt. 72, at 45. Ideally, petitioner would have been permitted to develop the

13 record further regarding the extent to which defense counsel's misrepresentation of the DNA

14 report impacted petitioner's decision to proceed to trial. The Court finds here only that the state

15 court did not apply *Strickland unreasonably* when it concluded that, even accepting petitioner's

16 contentions as true, petitioner had not demonstrated a reasonable probability that he would have

17 accepted the plea offer and not proceeded to trial. To the extent petitioner asserts only that

18 defense counsel's misrepresentation of the DNA report led to the submission of an erroneous

19 trial brief, Dkt. 48, at 10, petitioner has also failed to show prejudice due to the overwhelming

20 evidence of guilt presented at trial.

21        The Court finds that the state-court adjudication of the ineffective assistance subclaim

22 regarding the DNA report was not contrary to, or an unreasonable application of, clearly

23 established law, and did not constitute an unreasonable determination of the facts.

### 2. Failure to Raise a Reasonable Belief Defense

Petitioner contends that defense counsel was ineffective by failing to raise a reasonable belief defense. Dkt. 48, at 10. The state court of appeals found that this could not serve as the basis for deficient performance because it would been inconsistent to assert a defense based on petitioner's reasonable belief that the victim was not mentally incapacitated and/or physically helpless when his overarching defense at trial was that he did not have sexual intercourse with the victim and another person raped her and caused her injuries. Dkt. 51-1, at 721–22. Petitioner is unable to show that this decision was contrary to, or an unreasonable application of, clearly established law, or constituted an unreasonable determination of the facts.

### 3. Failure to Object to Restitution

Petitioner argues that his defense counsel was ineffective for failing to object to restitution related to the victim's injuries because he was not convicted of first-degree rape and therefore was not liable for the victim's medical expenses. Dkt. 48, at 10. The state court of appeals rejected this argument because state law permitted restitution to be ordered when an offender is convicted of an offense that results in injury, and petitioner was convicted of second-degree rape that caused injuries requiring hospitalization and multiple surgeries. Dkt. 51-1, at 724–25. Petitioner is unable to show that this decision was contrary to, or an unreasonable application of, clearly established law, or constituted an unreasonable determination of the facts.

### 4. Failure to Object to Use of Outside Information on Sentencing

Petitioner argues that defense counsel was ineffective for failing to object to the trial court's reliance on unproven facts when imposing a sentence at the top of the standard range. Dkt. 48, at 10. The state appellate court rejected this argument because the trial court relied on facts proven at trial when imposing the sentence, including the uncontested evidence that the

1    victim suffered extensive injuries as the result of being forcibly raped, injuries that required ten

2    days of hospitalization, three surgeries, and the use of a colostomy bag for two months. Dkt. 51-

3    1, at 723–24. Petitioner is unable to show that this decision was contrary to, or an unreasonable

4    application of, clearly established law, or constituted an unreasonable determination of the facts.

5    **C. Ground 5 Subclaims: Failure to Object to the Record as Being Insufficiently**

6    **Complete; Failure to Communicate and Investigate; Failure to Provide Accurate**

7    **Information**

8    Petitioners challenging an appellate counsel's performance must demonstrate

9    (1) counsel's performance was unreasonable, which in the appellate context requires a showing

10   that counsel acted unreasonably in failing to discover and brief a meritorious issue, and (2) a

11   reasonable probability that, but for counsel's failure to raise the issue, the petitioner would have

12   prevailed on his appeal. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Respondent does not

13   contest that petitioner exhausted his Ground 5 ineffective assistance of appellate counsel

14   subclaims regarding a failure to communicate and investigate and a failure to provide accurate

15   information. The Court disagrees with respondent's position that petitioner failed to exhaust the

16   Ground 5 subclaim regarding failure to object to an incomplete record. Petitioner fully exhausted

17   that Ground 5 subclaim by presenting it as a federal constitutional issue in PRP proceedings

18   before the state appellate court and the state supreme court. Dkt. 51-1, at 262–65, 580–581.

19   Here the state court of appeals applied the standard identical to *Smith* set forth in the state

20   law case of *In re Maxfield*, 945 P.2d 196, 202 (1996). *See* Dkt. 51-1, at 19. The court of appeals

21   found that petitioner had failed to identify any meritorious legal issue that appellate counsel

22

23

1    could have raised on direct appeal.[3] Petitioner is unable to show that this decision was contrary

2    to, or an unreasonable application of, clearly established law, or constituted an unreasonable

3    determination of the facts.

4    **D.  Ground 6: Due Process Claim Regarding Alteration of Records**

5         In Ground 6, petitioner contends that his right to due process was denied by the alteration

6    of court records that resulted in concealing trial errors. Dkt. 48, at 12. The Court disagrees with

7    respondent that petitioner presented a different factual basis for this claimed violation of federal

8    law in PRP proceedings by contending before the court of appeals that the alteration of records

9    was based on a conspiracy by court personnel to deprive him of his rights. Dkt. 51-1, at 266–67;

10   *see* Dkt. 50, at 24. The gravamen of his claim is that he was deprived due process by the

11   alteration of the court records, and he "can see no other explanation" for the alteration other than

12   action by court personnel. Dkt. 51-1, at 266. Petitioner reiterated this claim in his motion for

13   discretionary review in PRP proceedings before the state supreme court. Dkt. 51-1, at 569–72.

14   The Court finds that Ground 6 has been exhausted for federal habeas purposes.

15        Nonetheless, Ground 6 has no merit for the reasons stated with respect to Grounds 3 and

16   7. Petitioner has not demonstrated that the state courts violated federal law by rejecting his claim

17   that the certified, verbatim report of proceedings must have been altered because he presented

18   declarations of trial attendees who recalled the trial testimony differently. Dkt. 51-1, at 726–27,

19   766. The Court finds that petitioner has failed to demonstrate that the supreme court and

20   appellate decisions to reject his Ground 6 claim as meritless were contrary to, or involved an

21

22

23   [3] Petitioner raised the ineffective assistance claim based on defense counsel's mishandling of the
     DNA report in his supplemental *pro se* brief. Dkt. 51-1, at 74–78. This issue was not addressed
     on direct appeal because it relied upon evidence outside of the trial record. Dkt. 51-1, at 33.

1  unreasonable application of, Supreme Court precedents, or that those decisions were based on an

2  unreasonable determination of the facts.

3  **III.   Evidentiary Hearing**

4  In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's

5  review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181

6  (2011). The statute bars consideration of evidence presented for the first time in federal court. *Id.*

7  Moreover, an evidentiary hearing is rendered pointless by *Pinholster* if this Court determines that

8  28 U.S.C. § 2254(d) precludes habeas relief on the merits. *See Id.* at 203 n. 20 ("Because

9  Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court

10 record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application ' of federal

11 law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end."); *see also, Sully*

12 *v. Ayers,* 725 F.3d 1057, 1075-76 (9th Cir. 2013) (lower court did not abuse its discretion in

13 denying evidentiary hearing on ineffective assistance claims that had been adjudicated in state

14 court).

15 Petitioner has failed to justify why he should be afforded a federal evidentiary hearing

16 because (1) the federal habeas statute bars consideration of evidence presented for the first time

17 in federal court, and (2) an evidentiary hearing in federal court would be futile because he has

18 offered no cognizable ground for habeas relief.

19 **CERTIFICATE OF APPEALABILITY**

20 A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

21 dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district

22 or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

23 of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this

1    standard "by demonstrating that jurists of reason could disagree with the district court's

2    resolution of his constitutional claims or that jurists could conclude the issues presented are

3    adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

4    (2003).

5           Under this standard, the Court finds a reasonable jurist could disagree with this Court's

6    resolution of a single question presented in a subclaim of Ground 4: whether trial counsel

7    provided ineffective assistance of counsel by misinterpreting and misrepresenting the DNA

8    report, resulting in the prejudice of affecting petitioner's decision to reject a plea offer and

9    proceed to trial. The Court finds that this issue would have best been examined in state court

10   with a more developed record and has denied the ineffective assistance of counsel claim based

11   on the "doubly deferential" standard of review under *Strickland* that is applied in federal habeas

12   proceedings. The Court therefore recommends issuing a certificate of appealability on the

13   subclaim of the Ground 4 regarding defense counsel's misunderstanding and misrepresentation

14   of the DNA report.

15                                       **OBJECTIONS AND APPEAL**

16          This Report and Recommendation is not an appealable order. Therefore a notice of

17   appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

18   assigned District Judge enters a judgment in the case.

19          Objections, however, may be filed and served upon all parties no later than **November**

20   **24, 2021.** The Clerk should note the matter for **November 29, 2021**, as ready for the District

21   Judge's consideration if no objection is filed. If objections are filed, any response is due within

22   14 days after being served with the objections. A party filing an objection must note the matter

23   for the Court's consideration 14 days from the date the objection is filed and served. The matter

REPORT AND RECOMMENDATION - 24

will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **18 pages**. The failure to timely object may affect the right to appeal.

### CONCLUSION

The Court recommends **DENYING** the amended habeas petition and **DISMISSING** the matter with prejudice. The Court also recommends **DENYING** petitioner's motion for an evidentiary hearing. The Court recommends **GRANTING** the issuance of a certificate of appealability the Ground 4 subclaim of ineffective assistance of trial counsel regarding the misinterpretation and misrepresentation of the DNA report.

DATED this 2nd day of November, 2021.


BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 25