UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E. JAMES,<br><br>                    Petitioner,<br><br>        v.<br><br>ERIC JACKSON,<br><br>                    Respondent. | CASE NO. 16-6063 RJB-BAT<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Brian A. Tsuchida. Dkt. 74. The Court has considered the Report and Recommendation, the Petitioner's Objections, and the remaining record.

The Petitioner, *pro se*, filed this amended habeas petition challenging his 2013 conviction for second-degree rape and sentence of 102 months to life in prison. Dkt. 48. He asserts eight grounds for relief. *Id.* The Report and Recommendation recommends finding that he did not fairly present Ground 1, Ground 2, sub-claims of Grounds 4 and 5, and Ground 8 as federal claims to the state courts. Dkt. 74. It recommends finding that those grounds are procedurally

ORDER ON REPORT AND RECOMMENDATION - 1

barred and that they lack merit. *Id.* The Report and Recommendation recommends finding that the remaining grounds for relief lack merit. *Id.* It recommends denying the motion for an evidentiary hearing. *Id.* Accordingly, it recommends denying the amended petition and dismissing the case with prejudice. *Id.* The Report and Recommendation recommends granting a certificate of appealability only as to the Ground 4 subclaim of ineffective assistance of trial counsel regarding the misevaluation and misrepresentation of the DNA report. *Id.*

The Report and Recommendation (Dkt. 74) should be adopted. The Petitioner's objections do not provide a basis to reject it.

**Fair Presentation – Grounds 1, 2, subparts of Grounds 4 and 5, and Ground 8.**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27 (2004). Accordingly, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Id.* "Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion. Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)

Despite his protestations to the contrary, the Petitioner does not show that he fairly presented Grounds 1, 2, subparts of Grounds 4 and 5, and Ground 8 as federal claims to the Washington state courts. He does not meaningfully contest that he is now procedurally barred from pursuing these remedies in state court. His contention, that in any event, each of these Grounds have merit and so should be considered (Dkt. 75), is contrary to 28 U.S.C. § 2254(b)(1)

and *Baldwin*. Moreover, as provided in the Report and Recommendation, those claims do not have merit. The Report and Recommendation as to these grounds should be adopted.

**Exhausted Claims**

The Report and Recommendation recommends that closely related Grounds 3 and 7, denial of Due Process based on insufficiency of the record, be dismissed and that an evidentiary hearing is not warranted. Dkt. 74. The Report and Recommendation also recommends that Petitioner should not be granted relief on Ground 6, denial of due process by the alteration of court records. *Id*. Petitioner's objections are without merit and the Report and Recommendation on these grounds and as to the evidentiary hearing should be adopted. The Petitioner contends that the Report and Recommendation discuss only one of the individuals who claim that they heard different testimony at the trial than is reflected in the court reporter's certified report of the proceedings. Dkt. 75. The Report and Recommendation discusses two of the affidavits provided (Petitioner's sister and his nephew). *Id.,* at 12-13. Moreover, the third affidavit, from co-defense counsel, stated that to the best of her recollection, "[t]he alleged victim testified that 'the person who picked me up is the one who raped me.'" Dkt. 51-1, at 185. The two other affiants state that the statement was made by a <u>nurse</u> who testified that the victim told her that the person who picked her up is the one who raped her. Dkt. 51-1, at 179 and 182. As stated in the Report and Recommendation, the state courts' holdings, that statements from a trial attendee, without more, is not sufficient to show a material omission in the certified transcripts, does not merit habeas relief. This is particularly true, as here, where different people remember events differently. No evidentiary hearing is necessary.

The Report and Recommendation recommends that Petitioner should not be granted relief on his exhausted Ground 4 subclaims: ineffective assistance of trial counsel for (a) failure

ORDER ON REPORT AND RECOMMENDATION - 3

to investigate and understand the DNA report, (b) failure to raise a reasonable belief defense, (c) failure to object to restitution, and (d) failure to object to use of information on sentencing. Dkt. 74. The Report and Recommendation on the exhausted subparts of Ground 4 should be adopted. Petitioner's objections do not provide a reason to reject it. As to subpart (a), the Petitioner now asserts that he suffered prejudice because "had he been accurately informed of the facts regarding the DNA evidence, he would have accepted the offer, even while maintaining his claim of innocence." Dkt. 75, at 9. (This subpart of Ground 4 is the only portion of the Amended Petition for which the Report and Recommendation recommends that a certificate of appealability issue.) Petitioner's statement is unavailing here. It was not before the state courts. It is unhelpful in determining whether the state courts adjudication of the claim was contrary to, or an unreasonable application of, clearly established law, or was an unreasonable determination of the facts. Petitioner's remaining objections as to Ground 4 are a repetition of his prior arguments and are addressed in the Report and Recommendation.

The Report and Recommendation recommends that Petitioner should not be granted relief on his exhausted Ground 5 subclaims: ineffective assistance of appellate counsel for (a) failure to object to the record as being insufficiently complete, (b) failure to communicate and investigate, and (c) failure to provide accurate information. Dkt. 74. The Petitioner's objections do not provide a basis to reject the Report and Recommendation. They are a repeat of his prior assertions. As stated in the Report and Recommendation, he fails to show that the state courts' adjudication of this claim warrants habeas relief. The Report and Recommendation as to the exhausted Ground 5 subclaims should be adopted.

**Certificate of Appealability**

ORDER ON REPORT AND RECOMMENDATION - 4

The Report and Recommendation recommends that a certificate of appealability be issued only as to Ground 4 subclaim: ineffective assistance of trial counsel for failure to investigate and understand the DNA report and whether that failure impacted Petitioner's ability to decide whether to accept a plea offer. Dkt. 74. It recommends that a certificate of appealability be denied as to all other claims. *Id.* Petitioner objects and seeks a certificate of appealability on all his grounds for relief. Dkt. 75.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The Report and Recommendation's recommendation regarding a certificate of appealability should be adopted. A certificate of appealability should issue for the subpart of Ground 4 for ineffective assistance of trial counsel for failure to investigate and understand the DNA report and whether that failure impacted Petitioner's ability to decide whether to accept a plea offer. For all remaining grounds, Petitioner has failed to made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). He has not shown that jurists could agree that the issues presented in the remaining grounds were adequate to deserve encouragement to proceed further. *Slack,* at 483-485.

## ORDER

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 74) **IS ADOPTED**;

- Petitioner's 28 U.S.C. § 2254 habeas petition **IS DENIED**;

- This case **IS DISMISSED WITH PREJUDICE**; and

- Petitioner **IS GRANTED** a certificate of appealability solely on Ground 4, subclaim: whether trial defense counsel was ineffective before trial for failing to adequately investigate and understand a report detailing the State's DNA evidence, and whether defense counsel's failure impacted Petitioner's ability to decide whether to accept a plea offer from the state.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Brian A. Tsuchida, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of December, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge